## Ex parte A. E. BURRELL.

No. A-8846.   March 8, 1935.
(42 Pac. [2d] 145.)

A. E. Burrell, in pro. per.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, P. J.   This is an original petition filed by the petitioner, in which he alleges that he is unlawfully restrained by the warden of the state penitentiary, at McAlester, and has been so wrongfully restrained since the 5th day of December, 1933; that the cause of

his unlawful and wrongful restraint is that the warden holds a commitment from the district court of Oklahoma county sentencing this petitioner to a term in the state penitentiary, which commitment the said warden contends entitles him to hold in prison this petitioner until the 20th of March, 1937.

Petitioner further alleges that he has demanded his release and discharge, but the warden has refused to release him. Petitioner further alleges that he received a sentence of seven years for the crime of jail breaking, by the district court of Oklahoma county, on or about the 5th day of June, 1920; that said judgment and sentence of seven years is contrary to the statutes of the state of Oklahoma; that the judgment and sentence of seven years for the crime of jail breaking is void; and that the trial court was without jurisdiction to pass such judgment and excessive sentence.

It is further alleged that his commitment in prison on the commitment for a term of seven years, on a charge of grand larceny, is void and illegal, as he was never charged or tried for the crime of grand larceny but for the crime of jail breaking, and days that this court issue a writ of habeas corpus and release him from custody.

The warden of the state penitentiary, in his response to the petition, states that petitioner is in the state penitentiary for and on account of his conviction in the district court of Oklahoma county of the crime of grand larceny of an automobile, in a cause entitled, State of Oklahoma v. A. E. Burrell, No. 4632, on the said district court docket of Oklahoma county, and he holds the petitioner by reason of the said court having by the said conviction in said case passed and imposed the penalty and sentence of seven years on the defendant, to be served in the state penitentiary at McAlester. That the petitioner was by

information charged with grand larceny and entered his plea of guilty to said charge and was by the court sentenced to serve a term of seven years in the state penitentiary. A copy of the information on which the petitioner was sentenced and judgment and sentence accompany the response of the warden.

It is further shown that on October 4, 1920, the petitioner was granted by the Governor a leave of absence for a period of 90 days, and was released from the penitentiary; that said leave of absence was extended from time to time until May 5, 1921, when the Governor revoked the leave and ordered petitioner returned to the penitentiary. Upon the leave of absence being revoked, petitioner evaded the effort made to take him into custody and became a fugitive from justice, and remained at large until the 5th day of September, 1933, when he was taken into custody and returned and incarcerated in the penitentiary, to serve and satisfy the remainder of the unserved portion of the said penalty and imprisonment.

In this case the record discloses that the petitioner is in custody under a sentence of conviction of the district court of Oklahoma county. The inquiry is limited to the question as to whether the court in which the petitioner was convicted and sentenced had jurisdiction of the person of the defendant and of the crime charged. In this case the court had jurisdiction of the person of the petitioner and the subject-matter, and had power to convict and sentence the petitioner. Under the record before us the petitioner is not entitled to the relief prayed for.

The writ is denied.

EDWARDS and DOYLE, JJ., concur.